Ryan Lee (SBN: 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: 866-583-3695
rlee@consumerlawcenter.com
Attorneys for Plaintiff,
JOHN SWYGERT

**UNITED STATES DISTRICT COURT,**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| JOHN SWYGERT, | ) Case No.: |
| | ) |
| Plaintiff, | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| v. | ) |
| | ) |
| A&S COLLECTION ASSOCIATES, INC., | ) |
| | ) |
| Defendant. | ) |

## **PLAINTIFF'S COMPLAINT**

Plaintiff, JOHN SWYGERT (Plaintiff), through his attorneys, KROHN & MOSS, LTD., alleges the following against Defendant, A&S COLLECTION ASSOCIATES, INC. (Defendant):

### **INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of Arizona, and therefore, personal jurisdiction is established.

4.  Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

5.  Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

6.  Plaintiff is a natural person residing in Cumberland, Allegany County, Maryland.

7.  Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8.  Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9.  Defendant is a collection agency headquartered in Glendale, Maricopa County, Arizona.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt regarding file #B41696.

12. Defendant fails to identify that the communication is from a debt collector in subsequent communications (see transcribed voicemail message attached as Exhibit A).

13. Defendant places telephone calls without meaningful disclosure of the caller's identity (see Exhibit A).

14. Defendant threatened to file a lawsuit against Plaintiff.

15. Defendant threatened to garnish Plaintiff's wages.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

16. Defendant violated the FDCPA based on the following:

    a.  Defendant violated *§1692c(a)(1)* of the FDCPA by communicating with Plaintiff

in connection with the collection of a debt at a time or place known or which should be known to be inconvenient to Plaintiff.

b. Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.

c. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

d. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity because Defendant called from a blocked telephone number.

e. Defendant violated *§1692e* of the FDCPA by using false, deceptive, and misleading representations in connection with the collection of any debt.

f. Defendant violated *§1692e(4)* of the FDCPA by representing that nonpayment of Plaintiff's alleged debt will result in garnishment of his wages even though Defendant has not and does not intend to do so.

g. Defendant violated *§1692e(5)* of the FDCPA by threatening to take legal action against Plaintiff even though Defendant has not and does not intend to take such action.

h. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

WHEREFORE, Plaintiff, JOHN SWYGERT, respectfully requests judgment be entered against Defendant, A&S COLLECTION ASSOCIATES, INC., for the following:

17. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

18. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

19. Actual damages,

20. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

21. Any other relief that this Honorable Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff, JOHN SWYGERT, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED:  January 7, 2010                KROHN & MOSS, LTD.


By: /s/ Ryan Lee

Ryan Lee
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ARIZONA

Plaintiff, JOHN SWYGERT, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JOHN SWYGERT, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 12/16/09

_____
JOHN SWYGERT

-5-

PLAINTIFF'S COMPLAINT

# **<u>EXHIBIT A</u>**

## **SWYGERT V. A&S**

Yes this is Charlene McCann, 1-800-639-6566, extension 152.  It's important that we speak.  Thank you.